Alexander Del Giorno, J.
This is a claim to recover damages for personal injuries sustained by the infant claimant as a result of the alleged negligence of the State, and by his father to recover for medical expenses and loss of services.
After having attended his regular school session on the morning of Tuesday, May 10,1955, the infant claimant returned home and obtained his mother’s consent to go to Valley Stream State Park near his home. He had played there many times before and had never been told to leave. He went to the park with two other boys, one of whom was 9 years of age and the other 11. The claimant himself was 9 years and 7 months of age. They *235 were in the park for a period of two to three hours between 2:00 p.m. and 5.00 p.m. Arriving there, they walked beside the stream running through the park until they reached the ball field. They played ball for a time and then proceeded home at about 4:00 p.m., along a path 8 to 10 feet wide adjacent to the field. At one point, at the edge of the path and practically upon it, there was a pile of debris and rubbish which was smoldering. This heap of rubbish was about 12 feet by 15 feet and 1 foot in height, and was not within an enclosure. At the time he approached this burning pile the claimant, who was leading the other two boys, tripped upon a piece of tin about 3 feet square, which was a part of the debris in and about the fire, falling forward to his left, striking the fire and being burned. During the time he was in the park, claimant saw no attendants and saw no sign indicating he was not supposed to be in the park unaccompanied by a guardian.
The witness Sabia, who became superintendent of the park at a time subsequent to the occurrence of the accident herein, testified that in the north area of the park, comprising 100 acres, where the boy fell, there were seven men employed thereon in various capacities, one of whom was a watchman on duty from 4:00 p.m. to 8:00 p.m. His testimony was substantiated by the personnel list of those who were on duty on the day in question. He stated that although he, as a superintendent, would insist that an employee be present at the scene of burning rubbish and debris, he could not say that this was a general rule in State parks. He testified that under the terms of Long Island State Park Commission Ordinance Number 4, minors under 10 years of age shall at all times be under the supervision and control of a parent, custodian or guardian, and that copies of this ordinance are placed at various locations throughout the park, including the ball field area. He admitted that the path along which claimant was walking was open to all, and that it is customary in the off-season to gather and burn rubbish in the park on Mondays and Fridays, while during the regular season it is sent to the incinerator.
The State park policeman stated that a complaint of a brush fire at the side of the ball field was made on May 11, 1955, and that on that day he found a brush fire and also a smoldering fire at or about the point mentioned by claimant as the place where he was injured. The latter was made up of debris and rubbish which had been picked up in the park and was 12 feet by 15 feet by 1 foot high, and was not enclosed. He was unable to state whether or not this fire was the same as the fire on May 10.
*236 The mother of the boy, according to her testimony, had been in the park before, knew its layout but had never observed in the park any of the signs which the superintendent stated were there, and would not have permitted him to go if she had known of such prohibition.
State’s witness, Drew, the foreman at the park on that day, received no notice of the accident. He stated that there was no enclosure around the burning pile on May 10, but that an enclosure was placed there later. He further testified that on the road leading to the place of the accident, and at three other points, there were signs marked “ No Picnicking in this area — Keep Out ”.
Claimant’s physician indicated that claimant suffered third-degree burns of the right palm and right forearm, that superficial-tissue thereof was destroyed, that the nerves were injured and that there was sharp pain. He treated the boy from May 11, 1955 to June 8, 1955, by which time the burns were healed. He returned to school about seven or eight days after the accident. A small area of the palm shows thickening, which is a permanent scar, although such permanency has no effect on function.
From the testimony adduced, the court finds that it is customary in the park, during the off-season, to gather and burn rubbish on Mondays and Fridays. The pile of rubbish and debris which was smoldering on Tuesday, May 10, was not within an enclosure, and there was no attendant thereat who was guarding the fire or its environs.
The court finds further that the claimant had been in the park and played there many times before, never observing any sign prohibiting minors under 10 years of age from being in the park unless accompanied by a parent or guardian. If he was observed by any park attendant or policeman on any of these occasions, he was never removed therefrom or asked to leave. Furthermore, at the time of the occurrence herein, the infant claimant was 9 years and 7 months of age. The court was duly impressed by the appearance, straightforwardness and demeanor of the boy.
The State was negligent in permitting this pile of rubbish and debris to be burning without any enclosure around it or without any guard or attendant thereat.
The court finds that the infant claimant is entitled to the sum of $1,000 for personal injuries sustained by him, and that his father, and guardian ad litem is entitled to the sum of $81 for doctor’s and medical bills, and the sum of $200 for loss of services, making a total sum of $1,281.
*237 All motions made by the State on which decision was reserved are hereby denied.
This constitutes the decision of the court pursuant to the provisions of section 440 of the Civil Practice Act. Enter judgment accordingly.